UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

REBECCA EDME,

    Plaintiff(s),

    v.

CHARTER SCHOOLS USA, INC.,
A foreign for-profit corporation

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, REBECCA EDME ("Plaintiff"), pursuant to the Family and Medical Leave Act, *29 U.S.C. § 2601, et. seq.* ("the FMLA"), files her Complaint against Defendant CHARTER SCHOOLS USA, INC., (referred to hereinafter as "CHARTER SCHOOLS" or "Defendant"), to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorney's fees and costs, as follows:

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

2. Defendant, CHARTER SCHOOLS, is a foreign for-profit corporation registered and authorized to do business in the State of Florida, with a registered business address at 110 S.E. 6th Street, 15th Floor Fort Lauderdale, Florida 33301, within the jurisdiction of this Honorable Court.

3. At all times pertinent hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed fifty (50) or more employees within seventy (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

4. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a qualifying health condition during her employment, as that term is defined under the FMLA; and (b) was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month period prior to her seeking to exercise her rights to FMLA leave.

## JURISDICTION AND VENUE

5. All acts and omissions giving rise to this dispute took place within Broward County, Florida, within the jurisdiction of this Honorable Court.

6. Jurisdiction is proper within the Southern District of Florida pursuant to *28 U.S.C. §§ 1331* and *1337*.

7. Venue is proper within the Southern District of Florida pursuant to *28 U.S.C. § 1391(b)(2)*.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff worked for Defendant as a permanent substitute teacher from approximately August 2015 until her termination on or about February 22, 2019.

9. During this time period, Plaintiff worked at Defendant's Renaissance Charter location.

10. During her tenure, Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

11. In January 2019, Plaintiff informed Defendant that she intended to take FMLA leave as provided under company policy.

12. Plaintiff's health issues constituted qualifying conditions that entitles her to leave under the FMLA.

13. On or about January 2019, Defendant acknowledged and approved Plaintiff's request for her leave and set her return date for April 1, 2019.

14. Defendant failed to specify any additional information required as to Plaintiff's rights and responsibilities upon returning to work after taking approved FMLA leave.

15. On April 1, 2019, Plaintiff returned to work, and Defendant informed Plaintiff that she was no longer employed as a daily substitute teacher. In fact, Defendant informed Plaintiff that Defendant had hired another individual for in Plaintiff's position, to replace her.

16. Defendant informed Plaintiff that her new position was "temporary substitute teacher."

17. Defendant informed Plaintiff that she was to be paid at an hourly rate of $12.50, rather than her prior salary of $37,000.00 per year.

18. Defendant informed Plaintiff that she must now clock in and out to keep track of her hours worked.

19. The change in Plaintiff's duties, responsibilities, and pay rate was a substantial and material demotion.

20. Upon learning of her demotion, Plaintiff approached the Defendant's Principal, Sheriffee Humphrey, and inquired as to why her position had been relegated and her pay reduced.

21. In response, Principal Humphrey dismissed Plaintiff's concerns, and simply asked Plaintiff what she expected would happen if Plaintiff took FMLA leave.

22. Upon Plaintiff's return from FMLA leave, Defendant significantly changed and diminished her employment position, status, pay, and duties.

23. Based on the foregoing, Plaintiff was not permitted to return to the same, or substantially similar/equivalent position upon her return from FMLA leave and was demoted for attempting to take FMLA protected leave.

24. Despite having many other locations with available similar positions of permanent substitute teacher available, Defendant refused to offer to transfer Plaintiff so she could work in her same or substantially similar/equivalent position of employment, and instead demoted her and reduced her pay without prior notice.

25. Moreover, because Defendant acted with intent to demote, and otherwise retaliate against Plaintiff for her use of FMLA, Defendant's actions likewise constitute FMLA retaliation.

26. The timing of Plaintiff's demotion alone demonstrates a causal connection between her FMLA leave and these illegal actions taken by Defendant against her.

27. Defendant retaliated against Plaintiff because of her time away for FMLA protected leave.

28. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for use of FMLA protected leave.

29. The Defendant's failure to reinstate Plaintiff to her previous position, or to an equivalent position with the same pay, duties, and responsibilities, is an express violation of the FMLA.

30. Defendant violated its employer responsibilities by failing to inform Plaintiff of any additional information required as to her employee rights and responsibilities under the FMLA.

31. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I – UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA

32. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 31 above.

33. At all times relevant hereto, Plaintiff was protected by the FMLA.

34. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff based upon Plaintiff's exercise of her FMLA rights by demoting her for use of FMLA protected leave.

35. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

36. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her rights to take leave pursuant to the FMLA.

37. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

38. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, REBECCA EDME, demands judgment against Defendant and damages for back pay, and an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorney's fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, REBECCA EDME, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 4th day of June, 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Rebecca Edme*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Jill@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Stephanie@jordanrichardspllc.com*
*Mike@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 4, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST

**ANDREW M. GORDON, ESQ.**
Florida Bar No.: 6886
*AGordon@hinshawlaw.com*
HINSHAW & CULBERTSON LLP
One East Broward Blvd,
Suite 1010, Ft. Lauderdale, FL, 33301
Tel: 954-375-1182
*Counsel for Defendant*